UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____

FOCUS ENTERPRISES, INC.,

          *Plaintiff,*        CIVIL ACTION NO. 1:06cv02068 (GK)

v.

ZASSI MEDICAL EVOLUTIONS, INC.,

          *Defendant,*

_____

## JOINT MEET AND CONFER STATEMENT

Counsel for Focus Enterprises, Inc. ("Focus") and Zassi Medical Evolutions, Inc. ("Zassi") hereby submit their Joint Meet and Confer Statement pursuant to Fed. R. Civ. P. 26(f), and Rule 16.3 of the Local Rules.

**Plaintiff's Statement of the Case**

This is an action to recover for the breach of an oral, or implied, contract or in the alterative to compensate Focus for the unjust enrichment realized by Zassi at Focus' cost, expense and detriment. Focus is a middle market investment bank that is in the business of identifying and/or introducing small and mid-sized companies to potential financial buyers or investors ("Financial Investors") and/or strategic investors/buyers, often competitors servicing the same or similar markets or operating companies looking to broaden operations by entering new markets ("Strategic Buyers") to such companies. If a transaction is entered into between Focus' client (in this instance, Zassi) Focus is paid an agreed fee equal to five (5%) percent of the agreed value of the transaction. During 2006,

at a time when Zassi had actual knowledge of Focus' business and business practices, ZME requested Focus provide Zassi with a list of potential Strategic Buyers. Focus and ZME entered into an oral agreement for Focus t so do, with the understanding that if a transaction was consummated Focus would be paid its fee. Focus provided Zassi with such a list identifying potential Strategic Buyers, including Hollister International, Incorporated ("Hollister"), an Illinois based corporation as such a potential strategic buyer of ZME, or a material part of Zassi's business. ZME, following Focus' having identified Hollister as a potential Strategic Buyer, contacted Hollister and subsequently sold a material part of Zassi's business and assets to Hollister for a price believed to be not less that $85,000,000 of which $35,000,000 was paid at closing, with the balance to be paid in the future depending upon the occurrence certain agreed future conditions or events. Zassi has failed and refused to compensate Focus for its services.

**Defendant's Statement of the Case**

The parties entered into an eight-page written agreement on August 30, 2005 ("Written Agreement") drafted by Focus by which Focus would be compensated for raising investment capital through the sale of debt or equities, <u>but not assets</u>. In July of 2006, Zassi and one of its competitors Zassi has known and dealt with for several years, entered into a Letter of Intent regarding the purchase and sale of one of Zassi's product lines. Even though Focus played no role in locating the competitor or negotiating the transaction, Focus recommended in writing that the Written Agreement be amended to include a fee to Focus when the asset sale closed. After Zassi rejected the proposed

amendment, Focus filed suit alleging that the parties entered into an oral agreement for a commission arising out of the asset sale transaction.

## Rule 16.3 Conference

During the Rule 16.3 conference, the parties discussed the following matters:

**1.    Whether the case is likely to be disposed of by dispositive motion; and whether, if a dispositive motion has already been filed, the parties recommend to the Court that discovery or other matters should await a decision on the motion.**

Zassi has filed a Motion to Dismiss the Complaint and/or Transfer the Action ("Motion"), which seeks dismissal for lack of personal jurisdiction and/or a transfer to the United States District Court for the Middle District of Florida. Focus has filed its opposition to the Motion, and Zassi has until March 19, 2007 in which to submit a reply memorandum. The parties have agreed, without submitting Zassi to this Court's jurisdiction or waiving the relief sought in Zassi's Motion, to proceed with preliminary paper discovery while the Motion is pending.

**2.    The date by which any other parties shall be joined or the pleadings amended, and whether some or all of the factual and legal issues can be agreed upon or narrowed.**

The parties agree that the pleadings may be amended and/or other parties joined for a period of 90 days from the date of the Court's order on Zassi's pending Motion. Prior to the receipt and review of the preliminary discovery, the parties are unable to narrow the factual or legal issues at this time.

**3.    Whether the case should be assigned to a Magistrate Judge for all purposes, including trial.**

No.

**4.    Whether there is a realistic possibility of settling the case.**

Until the parties receive and review the preliminary discovery, the parties are unable to determine whether there is a realistic possibility of settling the case.

**5.    Whether the case could benefit from the Court's alternative dispute resolution procedures.**

The parties believe that the alternate dispute resolution procedures would not be beneficial at this time, but that the case should be scheduled for mediation within 30 days of the close of discovery.

**6.    Whether the case can be resolved by summary judgment or motion to dismiss; dates for filing dispositive motions and/or cross-motions, oppositions and replies; and proposed dates for a decision on the motions.**

Zassi has moved to dismiss for lack of personal jurisdiction and/or to transfer the action to the Middle District of Florida. Focus disputes that this Court lacks personal jurisdiction and that the action should be transferred. The parties have agreed, without prejudice to the Court's decision on Zassi's pending Motion, if the Court finds that it does not have personal jurisdiction over Zassi, the case should be transferred to the United States District Court for the Middle District of Florida. While Zassi's Motion remains pending, and before the parties receive and review the preliminary discovery, the parties are unable to propose deadlines for filing dispositive motions and/or cross-motions, oppositions, replies, or dates for a decision on the motions.

**7.    Whether the parties should stipulate to dispense with the initial disclosures required by Rule 26(a)(1) of Fed. R. Civ. P.**

Without submitting to this Court's jurisdiction or waiving the relief sought in Zassi's Motion, the parties have agreed to provide the disclosures required under Rule

4

26(a)(1) of Fed. R. Civ. P., by March 30, 2007, and further that should the Court transfer the case to the Middle District of Florida, all disclosures made by either party shall be deemed made and applicable in the proceedings in that court.

**8.     The anticipated extent of discovery, how long discovery should take, what limits should be placed on discovery; whether a protective order is appropriate and a date for the completion of all discovery.**

The Court's Track Three time-frames, calculated, if necessary, from the date of the Court's order resolving Zassi's pending Motion are appropriate based on the number of potential witnesses and volume of documents expected to be exchanged between the parties.

**9.     Whether the requirement of exchange of expert witness reports and information pursuant to Rule 26(a)(2), Fed.R. Civ. P., should be modified, and whether and when depositions of experts should occur.**

The parties agree that Focus will provide its expert witness information within 120 days from the date of the Court's order on Zassi's Motion and Focus will provide its expert witness information within 60 days thereafter.

**10.    In class actions, appropriate procedures for dealing with Rule 23 proceedings, including the need for discovery and the timing thereof, dates for filing a Rule 23 motion, and opposition and reply, and for oral argument and/or an evidentiary hearing on the motion and a proposed date for decision.**

Not applicable.

**11.    Whether the trial and/or discovery should be bifurcated or managed in phases, and a specific proposal for such bifurcation.**

Not applicable.

**12.    The date for the pretrial conference (understanding that a trial will take place 30 to 60 days thereafter.)**

Between 9 to 12 months from the date of the Court's order resolving Zassi's Motion.

**13.    Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference.**

The parties believe the trial date should be set at the pretrial conference.

**14.    Such other matters as the parties believe may be appropriate for inclusion in a scheduling order.**

Without submitting to this Court's jurisdiction or waiving the relief sought in Zassi's Motion, the parties have agreed to proceed with paper discovery (e.g., interrogatories, document production, and requests for admissions) pending the Court's decision on Zassi's Motion. Some electronic discovery is expected. However, the extent of electronic discovery will be determined, in part, based upon the contents of the parties' paper discovery. Counsel have advised both parties of their obligations to maintain and not destroy potentially relevant electronically stored information. The parties have further agreed that if the case is transferred to the United States District Court for the Middle District of Florida, all discovery shall be considered as though made in the continuing case. However, the parties recognize that under such circumstances, the transferee court will issue its own case management order.

| Focus Enterprises, Inc. | Zassi Medical Evolutions, Inc. |
|---|---|
| /s/ GORDON LOCKE | KIRKLAND & ELLIS |
| Gordon Locke<br>/s/ GORDON LOCKE<br>D,D.C. Bar # NY 0740<br>74 Sheldrake Place<br>New Rochelle, NY 10804<br>Tel::914-632-8568<br>Fax: 914-654-8226<br>Attorney for Plaintiff<br>Email: lockelaw@cyburban.com | Thomas A. Claire<br>D.C. Bar No. 461964<br>665 Fifteen Street, NW<br>12th Floor<br>Washington D.C. 20005<br>Tel. 202-879-5000<br>Fax 202-879-5200<br>email: tclare@kirkland.com<br>           and<br>BEDELL, DITTMAR, DEVAULT,<br>      PLLANS & COX, P.A.<br>Patrick P. Coll<br>Florida Bar No. 0084670<br>Kevin Cook<br>Florida Bar No. 507474<br>The Bedell Building<br>101 East Adams Street<br>Jacksonville FL 32202<br>Tel 904-353-0211<br>Fax 904-353-9307<br>Email: pcoll@bedellfirm.com<br>Email kcook@bedellfirm.com |