This joint proposed case management plan is submitted as errata because it was accidentally omitted from the filing of Docket No 9, the parties joint Meet and Confer Report

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____

FOCUS ENTERPRISES, INC.,

        *Plaintiff,*　　　　CIVIL ACTION NO. 1:06cv02068 (GK)

v.

ZASSI MEDICAL EVOLUTIONS, INC.,

        *Defendant,*

_____

**JOINT PROPOSED CASE MANAGEMENT PLAN**

I. Parties and Representatives:

A. Plaintiff: Focus Enterprises, Inc.

   Defendant: Zassi Medical Evolutions, Inc.

B. Counsel:
   Plaintiff's counsel

| | |
|---|---|
| Gordon Locke | KIRKLAND & ELLIS |
| | Thomas A. Clare |
| D,D.C. Bar # NY 0740 | D.C. Bar No. 461964 |
| | 665 Fifteen Street, NW |
| 74 Sheldrake Place | 12th Floor |
| New Rochelle, NY 10804 | Washington D.C. 20005 |
| Tel::914-632-8568 | Tel. 202-879-5000 |
| Fax: 914-654-8226 | Fax 202-879-5200 |
| Attorney for Plaintiff | email: tclare@kirkland.com |
| Email: lockelaw@cyburban.com | and |
| | BEDELL, DITTMAR, DEVAULT, |
| |    PILLANS & COX, P.A. |
| | Patrick P. Coll |
| | Florida Bar No. 0084670 |
| | Kevin Cook |

Florida Bar No. 507474
The Bedell Building
101 East Adams Street
Jacksonville FL 32202
Tel 904-353-0211
Fax 904-353-9307
Email: pcoll@bedellfirm.com
Email kcook@bedellfirm.com

**Plaintiff's Statement of the Case**

This is an action to recover for the breach of an oral, or implied, contract or in the alterative to compensate Focus for the unjust enrichment realized by Zassi at Focus' cost, expense and detriment. Focus is a middle market investment bank that is in the business of identifying and/or introducing small and mid-sized companies to potential financial buyers or investors ("Financial Investors") and/or strategic investors/buyers, often competitors servicing the same or similar markets or operating companies looking to broaden operations by entering new markets ("Strategic Buyers") to such companies. If a transaction is entered into between Focus' client (in this instance, Zassi) Focus is paid an agreed fee equal to five (5%) percent of the agreed value of the transaction. During 2006, at a time when Zassi had actual knowledge of Focus' business and business practices, ZME requested Focus provide Zassi with a list of potential Strategic Buyers. Focus provided Zassi with such a list identifying potential Strategic Buyers, including Hollister International, Incorporated ("Hollister"), an Illinois based corporation as such a potential strategic buyer of ZME, or a material part of Zassi's business. ZME, following Focus' having identified Hollister as a potential Strategic Buyer, contacted Hollister and subsequently sold a material part of Zassi's business and assets to Hollister for a price believed to be not less that $85,000,000 of which $35,000,000 was paid at closing, with he balance to be paid in the future depending upon the occurrence certain agreed future conditions or events. Zassi has failed and refused to compensate Focus for its services.

**Defendant's Statement of the Case**

The parties entered into an eight-page written agreement on August 30, 2005 ("Written Agreement") drafted by Focus by which Focus would be compensated for raising investment capital through the sale of debt or equities, but not assets. In July of 2006, Zassi and one of its competitors Zassi has known and dealt with for several years, entered into a Letter of Intent regarding the purchase and sale of one of Zassi's product lines. Even though Focus played no role in locating the competitor or negotiating the transaction, Focus recommended in writing that the Written Agreement be amended to include a fee to Focus when the asset sale closed. After Zassi rejected the proposed amendment, Focus filed suit alleging that the parties entered into an oral agreement for a commission arising out of the asset sale transaction.

**Pretrial Pleadings and Disclosures:**

   A. The parties shall serve their Fed. R. Civ. P 26 initial disclosures on or before March 30, 2007, with documents to be mailed on or before April 16, 2007.

   B. The parties shall exchange preliminary witness lists on or before sixty days after the Court's decision on Defendant's pending motion to dismiss or transfer venue.

   C. The Plaintiff shall submit its R.26(a)(2) Statements on or before 120 days after the Court's decision on Defendant's pending motion to dismiss or transfer venue.

   D. The Plaintiff shall submit its R.26(a)(2) Statements on or before 180 days after the Court's decision on Defendant's pending motion to dismiss or transfer venue.

   E. All discovery shall be closed 210 days after the Court's decision on Defendant's pending motion to dismiss or transfer venue.

   F. All dispositive motions shall be filed not later than 270 days after the Court's decision on Defendant's pending motion to dismiss or transfer venue.

   G. The Court will schedule the pretrial Conference for 9-12 months after the Court's decision on Defendant's pending motion to dismiss or transfer venue.